# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

v.

ARDILARS CUMMINGS,

        Defendant.

Case No. 2:10-CR-304
JUDGE EDMUND A. SARGUS, JR.

## OPINION AND ORDER

This matter is before the Court on Defendant's Motion to Dismiss the Indictment. (Doc. No. 16.) For the reasons that follow, Defendant's motion is **DENIED**.

## I. BACKGROUND

On December 2, 2010, the indictment was returned against Defendant. Defendant was not arrested until January 27, 2012. Defendant was brought before the Magistrate Judge for his initial appearance on February 16, 2012, and was arraigned on July 12, 2012. The Court inquired of Defendant and his counsel during the arraignment if there was a speedy trial issue that needed to be discussed and they indicated that there was not. The Court, therefore, set the trial for September 4, 2012. (Doc. No. 17.) Immediately following the arraignment, Defendant filed his Motion to Dismiss the Indictment, citing to alleged statutory and constitutional speedy trial violations.

On August 30, 2012, the Court held an oral hearing on Defendant's Motion to Dismiss the Indictment. Counsel made oral argument at the hearing and discussed discovery. Defendant was permitted time to review discovery and to file additional briefing to support his motion.

Defendant requested an extension of the time granted at the hearing, until September 14, 2012, to file the additional briefing (Doc. No. 26), which this Court granted (Doc. No. 27). No additional briefing was filed.

## II. SPEEDY TRIAL ACT

The Speedy Trial Act provides, in relevant part:

> In any case in which a plea of not guilty is entered, the trial of a defendant charged in an information or indictment with the commission of an offense shall commence within seventy days from the filing date (and making public) of the information or indictment, or from the date the defendant has appeared before a judicial officer of the court in which such charge is pending, whichever date last occurs.

18 U.S.C. § 3161(c)(1).

The Government argues that the running of the 70-day clock did not start until Defendant was arraigned. (Doc. No. 20) (relying on *United States v. Blackmon*, 874 F.2d 378 (6th Cir. 1989), *United States v. Haiges*, 688 F.2d 1273 (9th Cir. 1982), and *United States v. Arkus*, 675 F.2d 245, 247 (9th Cir. 1982)). Defendant, however, contends that in all three of the cases upon which the Government relies, the first time that the defendants were brought before a judicial officer after the filing of the indictments was at the arraignment. Because in the instant action the first time Defendant was brought before a judicial officer was at his initial appearance, he argues that the 70-day clock began to run on that date. *See* 18 U.S.C. § 3161(c)(1) (clock starts from indictment or first appearance before judicial officer). Defendant's argument is not well taken.

The Sixth Circuit has "held that 'the plain meaning of the language of the [Speedy Trial Act] requires a not guilty plea to begin the clock running.'" *United States v. Levon*, 127 F.

2

App'x 865, 869 (6th Cir. 2005) (citing *United States v. O'Dell*, 154 F.3d 358, 360 (6th Cir. 1998); 18 U.S.C. § 3161(c)(1)). "Because 'the statute expressly applies only to cases in which pleas of not guilty have been entered,' the date on which the defendant pleaded not guilty, rather than the initial appearance without counsel, 'started the Speedy Trial Act clock in this case.'" *Id.* (citing, *inter alia*, *United States v. Nixon*, 779 F.2d 126, 130 (2d Cir. 1985); *United States v. O'Bryant*, 775 F.2d 1528, 1531 (11th Cir. 1985) (holding that the Speedy Trial Act clock did not begin to run until defendant appeared before district court with counsel and entered not guilty plea, despite having initially appeared before court several days earlier). Consequently, the Speedy Trial Act clock did not begin until Defendant pled not guilty on July 12, 2012. Defendant did not enter a plea to the charges when he initially appeared before the Magistrate Judge on February 16, 2012. The trial was scheduled for September 4, 2012–54 days after the 70-day clock began to run. Therefore, there is no violation of the Speedy Trial Act in the instant case.

The Court notes, however, that there is a circuit split on the issue of when the Speedy Trial Act 70-day clock begins to run, as pointed out in *United States v. Lopez-Valenzuela*, 511 F.3d 487 (5th Cir. 2007) ("Section 3161(c)(1)'s requirement that a defendant's trial commence by a certain date if the case is one 'in which a plea of not guilty is entered' determines only whether the time restrictions apply. It does not determine when the clock starts."). The Fifth Circuit also opined that the Sixth Circuit in *O'Dell, supra*, appeared to depart from *United States v. Crawford*, 982 F.2d 199, 203-04 (6th Cir. 1993), in which the court concluded that the time-period specified in § 3161 ran from the defendant's initial post-indictment appearance, not the day of his later arraignment, at which a plea was presumably entered. *Id.* at 490.

3

Finally, the Fifth Circuit points out that subsequent unpublished opinions from the Sixth Circuit seem to reach differing conclusions regarding the significance of the date of a not guilty plea. *Id.* at fn. 13 (comparing *United States v. Jackson*, 22 F. App'x 396, 398 n.3 (6th Cir. 2001) (concluding that the speedy-trial clock was triggered by the defendant's initial appearance not his subsequent arraignment, "reject[ing] the government's argument that the entry of the not guilty plea . . . was the speedy trial trigger date," and distinguishing *O'Dell* on the basis that the court had concluded in that case that "the speedy trial clock was never triggered during th[e] prior proceeding" because the defendant never entered a guilty plea in that proceeding), with *United States v. Levon*, 127 F. App'x at 869 (relying on *O'Dell* in concluding that the speedy-trial clock ran from the date on which the defendants entered their not guilty pleas rather than the date of the defendants' first pro se appearance after indictment)).

This Court finds that in *Crawford* it was not clear when the not guilty plea was entered, and therefore, there is not necessarily inconsistent published opinions from the Sixth Circuit. *O'Dell*, however, is absolutely clear and this Court is bound by that decision.

If this Court followed *Lopez-Valenzuela*, then there would be a violation of the Speedy Trial Act here. The subsequent issue before the Court would be whether to dismiss the indictment against Defendant with or without prejudice. "The Act allows for both types of dismissal and does not establish a default presumption." *United States v. Gross*, 432 F. App'x 490, 493 (6th Cir. 2011) (citing *United States v. Robinson*, 389 F.3d 582, 586 (6th Cir. 2004); 18 U.S.C. § 3162(a)(2); *United States v. Taylor*, 487 U.S. 326, 334 (1988)). "Instead, the Act prescribes three factors that the district court must take into account in making such a determination: 'the seriousness of the offense; the facts and circumstances of the case which led

4

to the dismissal; and the impact of a reprosecution on the administration of this chapter and on the administration of justice.'" *Id.* (citing 18 U.S.C. § 3162(a)(1)).

The first factor requires the Court to consider the seriousness of the offense, which here is serious. Defendant faces charges for possession with the intent to distribute crack cocaine and marijuana. Defendant has been indicted with 22 others in an alleged drug distribution ring.

The second factor concerns the circumstances surrounding the delay. Here, the delay was the result of a mistake or oversight rather than bad faith or an attempt to gain a tactical advantage and it was not "excessively protracted." At the oral hearing, the Government asserted that the failure to request that the Court schedule an arraignment was a mere oversight, with no purposeful attempt to gain advantage. The Government also pointed out that Defendant himself failed to request arraignment during this five month time period.

The final factor the Court considers is the impact of reprosecution on the administration of justice. "'The main considerations that the courts have taken into account when examining this factor are whether the defendant suffered actual prejudice as a result of the delay and whether the government engaged in prosecutorial misconduct that must be deterred to ensure compliance with the Act.'" *Gross*, 432 F. App'x 490, at 494 (citing Robinson, 389 F.3d at 589). The Court finds that there was no actual prejudice to Defendant and that the Government did not engage in prosecutorial misconduct.

Because the likely result is the same if the Court dismissed the indictment without prejudice and denying Defendants' motion to dismiss, the Court would, in the event of a Speedy Trial Act violation, deny Defendant's motion to dismiss.

5

## III. SIXTH AMENDMENT

Defendant contends that his Sixth Amendment right to a speedy trial has been violated. The Sixth Amendment to the United States Constitution guarantees that, "[i]n all criminal prosecutions, the accused shall enjoy the right to a speedy . . . trial . . . ." U.S. Const. amend. VI. In *Barker v. Wingo*, the Supreme Court set forth a four-factor balancing test in determining whether a particular defendant has been deprived of his right to a speedy trial: (1) the length of the delay; (2) the reason for the delay; (3) the defendant's assertion of his right; and (4) prejudice to the defendant. 407 U.S. 514, 530 (1972). "Put differently, the Supreme Court has stated that it is necessary for courts to balance 'whether [the] delay before trial was uncommonly long, whether the government or the criminal defendant is more to blame for that delay, whether, in due course, the defendant asserted his right to a speedy trial, and whether he suffered prejudice as the delay's result.'" *United States v. Brown*, 169 F.3d 344, 348 (6th Cir. 1999) (quoting *Doggett v. United States*, 505 U.S. 647, 651 (1992)). "None of the enumerated factors alone is sufficient to establish a violation of the Sixth Amendment; 'rather, they are related factors and must be considered together with such other circumstances as may be relevant.'" *Id.* (quoting *Barker*, 407 U.S. at 533).

The first factor is 'actually a double enquiry." *Doggett*, 505 U.S. at 651. The Court begins by determining whether there is a delay that triggers a speedy trial analysis. *Id.* at 651-52. "Delay is measured from the date of indictment or the date of arrest, whichever is earlier, to the date of trial." *United States v. Brown*, 169 F.3d at 349 n.3 (citation omitted). A delay that approaches one year is "presumptively prejudicial," and triggers a speedy trial analysis. *Doggett*, 505 U.S. at 652 n.1. Once speedy trial analysis is triggered, a "court must then consider, as one

6

factor among several, the extent to which the delay stretches beyond the bare minimum needed to trigger judicial examination of the claim." *Id.* The "strength of th[e] presumption [of prejudice] grows as the length of that delay extends." *United States v. Graham*, 128 F.3d 372, 376 (6th Cir. 1997).

Here, Defendant was indicted on December 2, 2010, and he was arrested on January 27, 2012. Between those dates, Defendant was a fugitive. Defendant does not contend that this time should be counted against the Government. Thus, the date that the speedy trial analysis was triggered is the date of arrest. Therefore, it was seven months and eight days from the time Defendant was arrested until the time of his scheduled trial. In the circumstances before the Court, this approximate seven month delay does not rise to the level of presumptively prejudicial. *See United States v. Brown*, 498 F.3d 523, 530 (6th Cir. 2007) ("The nearly ten-month delay here is likely right at the line to trigger an analysis of the remaining factors."); *United States v. Jackson*, 473 F.3d 660, 665 (6th Cir. 2007) ("There seems general agreement that any delay of eight months or longer is 'presumptively prejudicial'"); *United States v. Gardner*, 488 F.3d 700, 2007 U.S. App. LEXIS 12203 (6th Cir. May 25, 2007) (a delay of approximately nine months was not presumptively prejudicial, at least where the matter involved "multiple defendants and pre-trial motions"). However, even if the Court determined that this delay is presumptively prejudicial, the remaining factors would outweigh this presumption.

The second factor regards the reason for the delay, analyzing who is "more to blame," the government or the criminal defendant. *Doggett*, 505 U.S. at 651. The blame associated with delays caused by the government depends on the cause of the delay. *United States v. Schreane*, 331 F.3d 548, 553-54 (6th Cir. 2003). In the instant case, the Government explains that this is a

7

complicated case in that it includes twenty two related cases. (*See* Doc. No. 10.) Moreover, Defendant was a fugitive for over one year. Consequently, the Court concludes that the Government is no more to blame than Defendant.

The third factor addresses whether Defendant asserted his speedy trial rights in a timely fashion under the circumstances. *See Barker*, 407 U.S. at 531-32; *Wilson v. Mitchell*, 250 F.3d 388, 396 (6th Cir. 2001). "A defendant's failure to assert his rights in a timely fashion weighs heavily against his Sixth Amendment claim." *United States v. Thomas*, 167 F.3d 299, 305 (6th Cir. 1999) (citing *Barker*, 407 U.S. at 531-32). Defendant here did not assert his speedy trial rights until after his arraignment at which the trial was scheduled, which is not timely under the circumstances presented here. Defendant was arrested over five months prior to his arraignment, made no complaint at his arraignment, nor any complaint before that time. Thus, this factor weighs against concluding that Defendant's speedy trial rights were violated.

The fourth and final factor considers whether Defendant suffered prejudice as a result of the delay.

> A defendant must show that "substantial prejudice" has resulted from the delay. The Supreme Court has identified three relevant forms of prejudice in speedy trial cases: (1) "oppressive pretrial incarceration"; (2) "anxiety and concern of the accused"; and (3) "'the possibility that [the accused's] defense will be impaired' by dimming memories and loss of exculpatory evidence." *Doggett*, 505 U.S. at 654 (quoting *Barker*, 407 U.S. 514 at 532, 92 S. Ct. 2182, 33 L. Ed. 2d 101) (alteration in original). "Of these, the most serious is the last, because the inability of a defendant adequately to prepare his case skews the fairness of the entire system." *Barker*, 407 U.S. at 532.

*Schreane*, 331 F.3d at 557–58 (first internal citation omitted).

Defendant offers no argument related to prejudice, and the Court finds none on the record before it—certainly no substantial prejudice. A seven month delay from Defendant's arrest to trial

8

did not result in an oppressive pretrial incarceration nor cause any potential impairment to Defendant's defense. Consequently, this factor weighs soundly against a finding that Defendants' speedy trial rights were violated.

Considering all of the factors in the required balancing test, the Court finds that Defendant's Sixth Amendment right to a speedy trial was not violated.

## IV. CONCLUSION

Based on the foregoing, the Court **DENIES** Defendant's Motion to Dismiss Indictment. (Doc. No. 16.)

**IT IS SO ORDERED.**

9-25-2012
**DATE**

**EDMUND A. SARGUS, JR.
UNITED STATES DISTRICT JUDGE**